JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 9 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 1629*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION*

*Mary Cooper, et al. v. Pfizer, Inc.*, N.D. Mississippi, C.A. No. 2:04-255
*Leroy Anderson, et al. v. Pfizer, Inc., et al.*, N.D. Mississippi, C.A. No. 4:04-275
*Linda Barker v. Pfizer, Inc., et al.*, E.D. Texas, C.A. No. 2:04-309

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in two Northern District of Mississippi actions and in one Eastern District of Texas action. Plaintiffs move to vacate the Panel's order conditionally transferring the actions to the District of Massachusetts for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Patti B. Saris. Defendants Pfizer Inc. (Pfizer) and three Pfizer affiliates support transfer of the two Mississippi actions and agree with plaintiff in the Texas action that the Texas action need not be transferred.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact with actions in this litigation previously transferred to the District of Massachusetts, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of the actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of Massachusetts was a proper Section 1407 forum for actions sharing factual questions arising out of allegations that common defendants had engaged in the illegal promotion and sale of the drug Neurontin for "off-label" use. *See In re Neurontin Marketing and Sales Practices Litigation*, 342 F.Supp.2d 1350 (J.P.M.L. 2004).

Plaintiffs argue that their actions should not be transferred because the actions do not share sufficient questions of fact with the previously centralized MDL-1629 actions. They stress that theirs are actions brought to recover for personal injuries, not economic injuries (as was the case with the originally centralized actions in this litigation). Responding defendants do not appear to view the presence of personal injury allegations to be an impediment to transfer, because they support transfer

- 2 -

of the two Mississippi actions. They would exclude the Texas action from transfer, however, because of the nature of the personal injuries alleged (bone fractures), and because the Texas action is brought by a single plaintiff (as opposed to the multiple plaintiffs joined in the two Mississippi actions). We point out that transfer under Section 1407 does not require a complete identity or even majority of common factual or legal issues as a prerequisite to transfer. Here the complaints in all three actions contain allegations that defendants improperly engaged in a scheme or plan to promote the off-label use of Neurontin, and that this conduct contributed to the personal injuries they sustained as a result of ingestion of the drug. Transfer under Section 1407 will thus permit these actions to proceed before a single transferee judge who i) is already familiar with the off-label promotion allegations raised in previously centralized MDL-1629 actions brought on behalf of persons seeking to recover for Neruontin purchases made for unapproved purposes, and ii) can structure pretrial proceedings to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that will occur or has already occurred in other MDL-1629 actions. The transferee court remains free, of course, to formulate a pretrial program that allows discovery with respect to any non-common issues in these (or any additional MDL-1629) personal injury actions to proceed concurrently with remaining discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Patti B. Saris for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that MDL-1629 is renamed as follows: MDL-1629 – *In re Neurontin Marketing, Sales Practices and Products Liability Litigation.*

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

# U.S. District Court [LIVE]
# Eastern District of TEXAS LIVE (Marshall)
# CIVIL DOCKET FOR CASE #: 2:04-cv-00309-TJW

Barker v. Pfizer, Inc. et al  
Assigned to: Judge T. John Ward  
Case in other court: Dist Ct of Harrison Cty, Tx, 03-00915  
Cause: 28:1332 Diversity-Product Liability

Date Filed: 08/20/2004  
Jury Demand: Plaintiff  
Nature of Suit: 365 Personal Inj. Prod. Liability  
Jurisdiction: Diversity

**Plaintiff**

**Linda Barker**     represented by     **Laureen Furey Bagley**  
Sloan & Monsour  
P O Drawer 2909  
101 East Whaley St  
Longview, Tx 75606  
903/757-7000  
Fax: 19037577574  
Email: lbagley@sloanmonsour.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pfizer, Inc.**     represented by     **Kenneth Joseph Ferguson**  
Clark Thomas & Winters  
P O Box 1148  
Austin, TX 78767-1148  
512/472-8800  
Fax: 15124958881  
Email: lab@ctw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Deborah L MacGregor**  
Davis Polk & Wardwell  
450 Lexington Avenue  
30th Floor  
New York, NY 10017  
212/450-4000  
Fax: 12124503800  
Email: deborah.macgregor@dpw.com  
*ATTORNEY TO BE NOTICED*

**James E Murray**
Davis Polk & Wardwell
450 Lexington Avenue
30th Floor
New York, NY 10017
212/450-4000
Fax: 12124503800
Email: james.murray@dpw.com
*ATTORNEY TO BE NOTICED*

**James P Rouhandeh**
Davis Polk & Wardwell
450 Lexington Avenue
30th Floor
New York, NY 10017
212/450-4000
Fax: 12124503800
Email: rouhandeh@dpw.com
*ATTORNEY TO BE NOTICED*

**Leslie Anne Benitez**
Clark Thomas & Winters
P O Box 1148
Austin, TX 78767-1148
512/472-8800
Fax: 15124958881
Email: lab@ctw.com
*ATTORNEY TO BE NOTICED*

**Susan E Burnett**
Clark Thomas & Winters
P O Box 1148
Austin, TX 78767-1148
512/472-8800
Fax: 15124958881
Email: seb@ctw.com
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Parke-Davis Division of Warner Lambert Company** represented by **Kenneth Joseph Ferguson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deborah L MacGregor**
(See above for address)
*ATTORNEY TO BE NOTICED*

James E Murray
(See above for address)
*ATTORNEY TO BE NOTICED*

James P Rouhandeh
(See above for address)
*ATTORNEY TO BE NOTICED*

Leslie Anne Benitez
(See above for address)
*ATTORNEY TO BE NOTICED*

Susan E Burnett
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/20/2004 | 1 | NOTICE OF REMOVAL by Parke-Davis Division of Warner Lambert Company, Pfizer, Inc. from Dist Ct of Harrison County, Tx; case number 03-0915. ( Filing fee $ 150 receipt #103250), filed Parke-Davis Division of Warner Lambert Company, Pfizer, Inc.. (Attachments: # 1 Exhibit # 2 Civil Cover Sheet)(djh, ) (Entered: 08/26/2004) |
| 08/20/2004 | 2 | CORPORATE DISCLOSURE STATEMENT filed by Parke-Davis Division of Warner Lambert Company, Pfizer, Inc. (djh, ) (Entered: 08/26/2004) |
| 01/07/2005 | 3 | NOTICE of Hearing: Scheduling Conference set for 2/8/2005 at 1:15 PM in Ctrm 106 (Marshall) before Judge T. John Ward. (shd, ) (Entered: 01/07/2005) |
| 01/10/2005 | 4 | NOTICE sua sponte setting of Scheduling Conference on 2/8/05 at 1:15 p.m. before the Honorable T John Ward in MARSHALL TX; Proposed Deadlines for Docket Control Order and Discovery Order. (poa, ) (Entered: 01/10/2005) |
| 01/28/2005 | 5 | APPLICATION to Appear Pro Hac Vice by Attorney James P Rouhandeh for Pfizer, Inc. and Parke-Davis Division of Warner Lambert Company. (poa, ) (Entered: 02/04/2005) |
| 01/28/2005 |   | Pro Hac Vice Filing fee paid by James Rouhandeh; Fee: $25, receipt number: 104931 (poa, ) (Entered: 02/04/2005) |
| 01/28/2005 | 6 | APPLICATION to Appear Pro Hac Vice by Attorney Deborah L MacGregor for Pfizer, Inc. and Parke-Davis Division of Warner Lambert Company. (poa, ) (Entered: 02/04/2005) |
| 01/28/2005 |   | Pro Hac Vice Filing fee paid by Deborah MacGregor; Fee: $25, receipt number: 104931 (poa, ) (Entered: 02/04/2005) |

| | | |
|---|---|---|
| 01/28/2005 | 7 | APPLICATION to Appear Pro Hac Vice by Attorney James E Murray for Pfizer, Inc. and Parke-Davis Division of Warner Lambert Company. (poa, ) (Entered: 02/04/2005) |
| 01/28/2005 | | Pro Hac Vice Filing fee paid by James Murray; Fee: $25, receipt number: 104931 (poa, ) (Entered: 02/04/2005) |
| 02/09/2005 | 8 | DOCKET CONTROL ORDER: In accordance with the sched conf held 2/8/05, pretrial deadlines are set forth herein, including Pretrial Order due by 10/21/2005. Final Pretrial Conference set for 10/27/2005 01:30 PM before Judge T. John Ward. Jury Selection set for 11/7/2005 09:00AM before Judge T. John Ward.. Signed by Judge T. John Ward on 2/9/05. (ehs) (Entered: 02/09/2005) |
| 02/09/2005 | 9 | AMENDED DISCOVERY ORDER as set forth herein. Signed by Judge T. John Ward on 2/9/05. (ehs) (Entered: 02/09/2005) |
| 03/16/2005 | 10 | NOTICE of Disclosure by Linda Barker (Bagley, Laureen) (Entered: 03/16/2005) |
| 03/17/2005 | 11 | NOTICE of Disclosure by Pfizer, Inc., Parke-Davis Division of Warner Lambert Company *Notice of Initial Disclosure* (Burnett, Susan) (Entered: 03/17/2005) |
| 03/22/2005 | 12 | TRANSCRIPT of Scheduling Conference Proceedings held on 2/8/05 at 1:15 p.m. in Marshall; before Honorable Judge T. John Ward. Court Reporter: Susan Simmons. (ch, ) (Entered: 03/22/2005) |
| 03/24/2005 | 13 | STANDARD PROTECTIVE ORDER. Signed by Judge T. John Ward on 3/24/05. (ehs) (Entered: 03/24/2005) |
| 03/25/2005 | 14 | MOTION for Protective Order *Opposed Motion for Entry of a Protective Order* by Pfizer, Inc., Parke-Davis Division of Warner Lambert Company. (Attachments: # 1 Exhibit A# 2 Text of Proposed Order)(Burnett, Susan) (Entered: 03/25/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/25/2005 13:29:15 | | | |
| PACER Login: | us2510 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:04-cv-00309-TJW |
| Billable Pages: | 2 | Cost: | 0.16 |